But, as in the instance of holographic wills of lay persons, some liberality may be well accorded in the judicial construction of the clauses of a will made by a person situated as this testator was, at least, if the liberality is consistent with established rules of law. In this matter such liberality is consistent. I accordingly hold that the presumption that the testatrix intended to die testate is apparent in this cause. But, aside from any benign construction and for the reasons already stated, I hold also that the fourth clause of the will of Rose Morrisey is operative as a general residuary bequest, and that it carries the money in the Emigrant Savings Bank to the legatee named in such clause.

Let the decree be in conformity with this opinion.

Decreed accordingly.

---

(72 Misc. Rep. 592.)

### In re WILLIAMSBURGH TRUST CO.

(Surrogate's Court, Kings County. June, 1911.)

TRUSTS (§ 316*)—COMPENSATION OF TRUSTEE.

 Where a corporate trustee asked leave to resign in order to liquidate its affairs and retire from business, no commissions on the corpus of the trust fund should be allowed.

 [Ed. Note.—For other cases, see Trusts, Dec. Dig. § 316.*]

In the matter of the judicial settlement of the account of the Williamsburgh Trust Company, as substituted trustee under the will of Jeremiah Bergen, deceased. Decree rendered.

Dykeman, Oeland & Kuhn, for trustee.

Mayer Kronacher, for cestui que trust and life tenant

KETCHAM, S. There should be no commissions upon the principal fund, when the trustee asks, for reasons purely personal to itself, to be relieved from the trust before its completion. In this case the trustee resigns because of its own desire to liquidate its affairs and to retire from business. Any allowance upon the corpus, which by its act is made subject to the commissions of its successor, would, to that degree, impose a double burden upon the estate.

Decreed accordingly.